45 F.3d 436
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Keshwa JOSEPH, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70778.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 15, 1994.
Decided Jan. 3, 1995.
 
 Before: WALLACE, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Keshwa Joseph, an ethnic Indian citizen of Fiji, petitions for review of a ruling of the Board of Immigration Appeals ("Board") affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of deportation. The Board concluded that Joseph had failed to establish either past persecution or a well-founded fear of future persecution. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a). Because we find the Board erred in taking administrative notice of a country report without notice to Joseph, we grant the petition for review and remand to the Board.
 
 
 3
 * Joseph entered the United States in January 1987 and failed to depart at the expiration of his visitor's visa. Joseph subsequently filed an application for asylum and conceded deportability. The IJ denied Joseph's application for asylum and denied his request for voluntary departure. On appeal, the Board affirmed the IJ's denial of asylum. In making its determination, the Board considered the 1992 Country Report and noted the changes that had occurred in Fiji since Joseph's deportation hearing. Specifically, the Board indicated that democratic elections had taken place in Fiji, that Sitiveni Rabuka had been selected Prime Minister and that the proposed new government would include ethnic Indians. Further, the Board found that while ethnic Indians were still subject to harassment, "there have been no credible allegations of government involvement in such actions." Since the Board took administrative notice of events that occurred after the deportation hearing, Joseph was not provided an opportunity to rebut the noticed facts.
 
 II
 
 4
 Due process guarantees aliens a full and fair hearing in deportation proceedings. Barraza Rivera v. INS, 913 F.2d 1443, 1447 (9th Cir.1990). In providing a full and fair hearing, the Board may take administrative notice of facts not in the record, but only where "the procedures it follows are fair under the circumstances." Getachew v. INS, 25 F.3d 841, 845 (9th Cir.1994) (citations omitted). We have determined that in some instances to provide fairness "due process requires that the [asylum] applicant be allowed an opportunity to rebut." Castillo-Villagra v. INS, 972 F.2d 1017, 1029 (9th Cir.1992). We have further specified when the Board may notice facts without notice or warning. Specifically,
 
 
 5
 The Board need not notify applicants before considering events that occurred before the deportation hearing and that were presented and argued before the IJ during the deportation hearing. By contrast, the Board must at least warn the asylum applicant before taking notice of significant events that occurred after the deportation hearing. A warning is all that is required where the facts in question are "legislative, indisputable, and general," such as, for example, which party has won an election in the immigrant's home country. Other more controversial or individualized facts, such as whether a particular group remains in power after an election, and whether the election has vitiated any previously well-founded fear of persecution, require more than mere notice. Such controversial or individualized facts require both notice to the applicant that administrative notice will be taken and an opportunity to rebut the extra-record facts or to show cause why administrative notice should not be taken of those facts.
 
 
 6
 Getachew, 25 F.3d at 845-46 (citations omitted) (emphasis in original). See also Kahssai v. INS, 16 F.3d 323 (9th Cir.1994). Due process violations in deportation proceedings are reviewed de novo. Getachew, 25 F.3d at 845. Procedures the Board uses to take administrative notice, however, are reviewed for abuse of discretion. Id.
 
 
 7
 In denying Joseph's application, the Board took administrative notice of the 1992 Country Report and, accordingly, the change in government and the incidents of harassment in Fiji. The Board failed to warn or give notice to Joseph of its intention to do so. Since the events of which the Board took notice all took place after Joseph's deportation hearing before the IJ, the Board's failure even to warn or give notice to Joseph denied him the process that was due.
 
 
 8
 The INS asserts that because the record is sufficient to support the Board's conclusion, the Board's decision should be affirmed. According to the INS, the Board's reasoning is based on sufficient evidence in the record to support the decision. As we have previously found, however, the Board's introduction of the administrative notice section of its decision with "in addition" belies any claim that alternative grounds for the Board's decision served as an independent basis for denying the petition. Kahssai, 16 F.3d at 325. Accordingly, we grant the petition for review and remand to the Board.
 
 
 9
 PETITION FOR REVIEW GRANTED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3